**EARL THOMPSON and EDWARD THOMPSON v. STATE OF FLORIDA.**

18 So. (2nd) 788                                   June Term, 1944
June 28, 1944                                              En Banc

*Charles E. Flynn* and *H. M. Wise,* for plaintiffs in error.

*J. Tom Watson,* Attorney General, and John C. Wynn, Assistant Attorney General, for defendant in error.

SEBRING, J.:

Edward Thompson and Earl Thompson were tried for the murder of one Joe Henry. The trial jury found the defendants guilty of murder in the first degree without recommendation to mercy. Upon pronouncement of sentence and entry of judgment the defendants took their appeal to the Supreme Court of Florida. Subsequently, the judgment of conviction was affirmed. See Thompson, et al., v. State, (Fla.) 17 So. (2nd) 395. The convicted defendants have now filed their petition in this Court for leave to apply to the trial court for a writ of error coram nobis, upon the ground of newly discovered evidence.

The petition is supported by the affidavits of certain persons not witnesses at the trial, who swear that prior to the trial, upon a date or dates not shown by the affidavits, the deceased, Joe Henry, had made certain disparaging and derogatory remarks to affiants concernings the defendants, and their mother; and had also made statements to the affiants that if the opportunity ever presented itself he, the said Joe Henry, intended to kill and murder the defendants.

Likewise offered in support of the petition is the affidavit of Mollie Stansell, nee Mollie Davis, the mother of Earl and Edward Thompson, a State witness at the trial, who avers that for many years prior to his death the said Joe Henry, to whom she was engaged to be married, had secretly held in his heart both hate and malice for her sons, and had on many occasions made statements to her to the effect that "he intended to kill her sons if they didn't get him first." According to her affidavit, "she had never made it known to her sons for the reason that she thought in time that the said Joe Henry would have a change of heart and that things would be all right, particularly, after her marriage to the said Joe Henry." She also asserts by her affidavit "that from the time of the said death of Joe Henry she [the affiant] was under the influence of the authorities and was so nervous and upset and grief stricken that she failed to enlighten anyone of the threats that the said Joe Henry had uttered to her on many occasions prior to January 23, 1944 [the date of the homicide]."

It is alleged in the petition that the facts contained in the affidavits have become known to the defendants and their counsel since the trial and that had such facts been available to them at the time of the trial, their introduction in evidence would have precluded the entry of a judgment against the petitioners.

The writ of error coram nobis is not available to the defendants upon the facts shown by the record. Remedy by way of coram nobis may not be invoked solely on the ground that a material witness testified falsely at the trial concerning a material issue of the case, or withheld facts that might have been material. Neither may newly-discovered evidence going merely to the merits of the issue tried be used as a basis for the writ. Lamb v. State, 91 Fla. 396, 107 So. 535. Moreover, before a writ of error coram nobis may issue it must appear that the facts alleged as grounds for its issuance are such as would have precluded the entry of a judgment had they been available at the trial; not that such facts might have produced a different result had they been known to judge and jury. Lamb v. State, supra; Hysler v. State, 146 Fla. 593, 1 So. (2nd) 628; Sullivan v. State, (Fla.) 18 So. (2nd) 163.

Assuming all that the petitioners have shown by their record here to be true, the facts shown therein would not necessarily have precluded the entry of the judgment of murder in the first degree without recommendation to mercy, had they been made known to the trial court and to the jury which tried the petitioners.

The petition for leave to apply to the trial court for writ of error coram nobis must be denied.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN and THOMAS, JJ., concur.