53 So.2d 708 (1951)
Ex parte WELLES.
Supreme Court of Florida, en Banc.
July 24, 1951.
*709 Watkins & Cohen, Tallahassee, Arthur J. August and Fred Pine, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Phillip Goldman, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
March 28, 1950, petitioner was tried by the Judge without a jury, in the Criminal Court of Record, Dade County, on a charge of armed robbery. He was convicted and sentenced to serve a term of five years in the state penitentiary. Motion for a new trial was denied and appeal was taken to this Court where the judgment of the trial court was affirmed April 6, 1951, 53 So.2d 326.
June 22, 1951, petitioner exhibited his petition in this Court praying that he be permitted to apply to the Criminal Court of Record for a new trial. His petition is supported by the facts heretofore detailed and the fact that on June 11, 1951 he filed an extraordinary motion for new trial in the Criminal Court of Record but that said motion was, on the advice of counsel, withdrawn because the judgment of conviction had been affirmed by the Supreme Court of *710 Florida. The judgment of the Criminal Court of Record had therefore become the judgment of the Supreme Court, making it necessary to secure its permission to approach the Criminal Court of Record by extraordinary motion for new trial.
The petition also reveals that the judgment of conviction was affirmed per curiam without opinion by a divided court, that the only question raised and adjudicated on the appeal was the legal sufficiency of the evidence to sustain the conviction, that counsel who represented petitioner on appeal did so without compensation because he was convinced that petitioner was innocent of the charge, that since the affirmance of his conviction, facts have been revealed that have convinced the prosecuting attorney of Dade County that petitioner was not guilty of the crime for which he was convicted, that he had a complete alibi at the time he was tried, but was unable to get it before the court, that his conviction depended on the question of identity, that since his conviction it has been conclusively shown that another person committed the robbery and that the proof as to his identity was clearly erroneous.
There is resistance to the petition by way of suggestion and argument that the desired relief could be secured on application to the Pardon Board, that since the judgment of conviction has become final, the time to apply for a rehearing passed, the term of this court in which the judgment of conviction was affirmed has ended and the judgment become final, it would establish a precedent that would give us no end of trouble to grant the petition and permit a re-examination of the case at this time.
To one confronted with a five year sentence to the penitentiary for a crime that it now appears he had nothing whatever to do with, such resistance must sound like fatalism gone to seed. Even if the Pardon Board saw fit to consider the case it could do no more than remit the sentence and restore civil rights. The mark of a criminal and the fact that petitioner had been convicted of a heinous crime would remain to smite him. If the re-examination results in an acquittal, an exoneration and removal of the charge from the record will necessarily follow and this will go far to remove the stain from his character. If rules of procedure have become so rigid and inflexible that an error like this cannot be corrected for fear of establishing a precedent that will plague us, then we have lost the creative faculty that we have always thought to be resident in the judiciary. If we admit that it cannot be done to cope with new situations as they arise, then we must conclude that the law has matured and that it no longer expands to meet human needs.
In our view the facts in this case bring it within the scope of the common law writ of error coram nobis, the primary purpose of which was to afford the trial court an opportunity to correct its own record with reference to vital facts not known to the court when the judgment was entered. The doctrine of coram nobis was explored in Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121 and Lamb v. State, 91 Fla. 396, 107 So. 535. Limitations on the doctrine were defined in House v. State, 130 Fla. 400, 177 So. 705; Johns v. State, 130 Fla. 645, 178 So. 404; Thompson v. State, 154 Fla. 769, 18 So.2d 788; Skipper v. Schumaker, 124 Fla. 384, 169 So. 58, 68 and Washington v. State, 95 Fla. 289, 116 So. 470 and in other cases.
The writ of error coram nobis sometimes called coram vobis (coram nobis when directed to another arm of the same court, in other words from the full bench to the court at nisi prius. Coram vobis when the writ is directed by the reviewing court to the court which tried the cause), is employed to review a judgment where it appears that a mistake of fact had occurred which was not put in issue at the trial, was unknown to and was not adjudicated by the court. It may be the court's mistake but it is always a mistake of fact and should generally precede the rendition of the judgment. It is essential that the mistake of fact be unknown to the applicant at the time of trial and could not have been known to him by the exercise of reasonable diligence. It may be availed of by motion or petition, after notice to the opposite party setting up the errors of fact relied on, including the erroneous judgment. As to time limitation the decisions are not in *711 accord. Some courts hold that the remedy is not available after the expiration of the term in which the judgment challenged was rendered while other courts (early and modern) hold that when the right to the remedy is established the application for it will not be barred by the lapse of time. In some of the code states it is prohibited. A good historical discussion and application of the remedy will be found in American Jurisprudence, Vol. 31, page 321 and cases there cited. See also 15 R.C.L. 714 and American Jurisprudence, Vol. 3, page 766.
In the Nickels and the Lamb cases, we held that the function of coram nobis was to bring to the attention of the court some specific fact or facts then existing but not shown by the record and not known to the court or the party or counsel at the trial, and being of such vital nature that if known to the court would have prevented the rendition of the judgment assailed. It supplements but does not supersede the remedy for granting new trials or the correction of errors. The fact that a witness swore falsely or that newly discovered evidence has been produced will not provoke it. It is applicable to civil and criminal cases. It is a discretionary writ and will not be employed if any other remedy exists. In the Lamb case we held that application for it must be made within the time provided by Statute for taking writ of error but when there is no such limitation on writs of error, there is none as to writs of error coram nobis. When the Lamb case was decided appeals in criminal cases were by writ of error, but since that decision writs of error have been abolished and review of criminal cases is now accomplished by appeal. Such appeals must be taken by the defendant within 90 days after the judgment is entered. If application for the writ is made in the trial court, it should be made within the time allowed for taking an appeal unless good cause is shown for a longer delay. If appeal has been taken to this Court the application may be made here for permission to apply to the trial court at any time before the case is decided, but in any event application must be made to this Court within 90 days from the date its judgment of affirmance is entered, unless good cause is shown for not applying within that time. The application in question was well within that period.
It is perfectly evident that the safeguards thrown around fair trial failed to function at the trial of this case. It now appears that if they had functioned petitioner would not have been convicted. The prosecuting attorney is convinced of this and has with diligence brought the matter to our attention. The Judge of the Criminal Court of Record has expressed a desire to re-examine the facts and correct his record if permitted to do so and the prosecuting attorney is so thoroughly convinced that petitioner was unlawfully convicted that he avows that he will nolle prosse the case if the writ of error coram nobis is granted. The facts supporting the petition have been somewhat informally brought to our attention but when one's liberty has been placed in jeopardy in the matter revealed, informal presentation is permissible. This court once recognized a petition for habeas corpus through the medium of a postal card and at another time it took cognizance of such an application written on piece of soiled wrapping paper.
The very essence of judicial trial is a search for the truth of the controversy. When the truth is discovered, the pattern for dispensing justice is obvious. All that we are importuned to do at this time is to open the way for the trial court to examine and correct its record with reference to a vital fact not known to the court when the judgment of conviction was entered. Due process and equal protection are governed by rule of Court, the criteria by which it is determined being fairness, reasonableness and justice. When one is faced with a five year sentence to the penitentiary for a crime he did not commit, his conviction being due solely to mistaken identity, this court should not quibble over trifles in devising a formula to correct the injustice. The strength of our jurisprudence is due to the fact that it readily accommodates itself to all classes of controversies. Justice is its dominating purpose and we are led to *712 that by rules of procedure. They are not sacrosanct, in fact, when they fail to lead to justice, the time for change has arrived. Some states have what they call a judicial counsel whose function is to change, modify and keep their rules of procedure current.
The petition to apply to the Criminal Court of Record of Dade County for a new trial is therefore treated as an application to apply for writ of error coram nobis addressed to the judgment of conviction as affirmed by this Court. The execution of this Court's mandate is stayed for twenty days during which time petitioner on five days notice to the prosecuting attorney of Dade County may make the application so authorized. A copy of this order and opinion will be duly certified to the Judge of the Criminal Court and the Prosecuting Attorney of Dade County.
It is so ordered.
SEBRING, C.J., and CHAPMAN, THOMAS, HOBSON and ROBERTS, JJ., concur.
ADAMS, J., dissents.