SEBRING, Justice.
This is an appeal from an order of the Circuit Court for Jackson County, Florida, denying the appellant’s petition for a writ of error coram nobis which contained the following material recitals:
On November 6, 1950, Pynes, the appellant, was informed against for committing an assault with intent to commit murder in the first degree. On November 28, 1950, he was tried and convicted of the offense charged and sentenced therefor to a term of twenty years at hard labor in the Florida State Prison. During the course of the trial, one B. L. Solomon, an attorney who had been privately retained to aid the State Attorney in the prosecution of the cause, entered the jury room where the members of the jury were congregated during a temporary recess of the court. The petitioner was not made aware of this fact until approximately November 1, 1951, and hence did not have the opportunity during the course of the trial to move the trial court for a mistrial.
The prayer of the petition was that the trial court grant unto the petitioner a writ of error coram nobis and make the same returnable in accordance with law; that the sentence and judgment entered against the petitioner be recalled, revoked and annulled; and that the petitioner be granted a new trial upon the original information.
We find no error in the judgment appealed from.
It affirmatively appears from the record that the petitioner was tried, convicted and sentenced on November 28, 1950. He gained knowledge of the alleged misconduct of the private attorney on or about November 1, 1951. His petition for the writ of error coram nobis was not filed in the court below until September 22, 1952.
The rule is that a writ of error coram. nobis must be applied for within 90 days after the judgment is entered in the proceeding to which the writ is directed, unless good cause is shown for delaying the application beyond that period. Ex parte Wells, Fla., 53 So.2d 708. The petitioner made no attempt to show why he delayed filing his application in the trial court until almost eleven months after he gained knowledge of the facts upon which he bases his petition, and approximately twenty-two months after the entry of the judgment and sentence in the cause.
The conclusion reached on this point makes it unnecessary for us to consider whether upon the facts shown by the petition the trial court would have been justified in granting the writ had the petition been filed in time.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.