166 So.2d 503 (1964)
Hulan GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4885.
District Court of Appeal of Florida. Second District.
July 17, 1964.
W.D. Frederick, Jr., Public Defender and Joseph X. Dumond, Jr., Asst. Public Defender, Orlando, for appellant.
James W. Kynes, Atty. Gen., Tallahassee and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
*504 PER CURIAM.
Availing himself of the procedure established in Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, appellant made application in the lower court seeking to vacate a sentence imposed upon conviction of robbery. The application was denied and appeal ensued.
Counsel appointed to represent appellant in this court argues that certain allegations in appellant's motion with respect to the weakness of the identification upon which the conviction rests and the unavailability of an alibi witness at the time of the appellant's trial, coupled with another prisoner's "confession" to the crime for which appellant was convicted (which confession was tendered the lower court some six months after the Rule No. 1 motion was filed) would constitute grounds for relief upon writ of error coram nobis seasonably made and are, therefore, grounds for relief under Criminal Procedure Rule No. 1.
While we agree that any grounds for vacating a sentence which once would have justified writ of error coram nobis can and should, under appropriate circumstances, be urged under Rule No. 1,[1] we do not agree that the allegations of appellant's motion sufficed to create a case for relief by coram nobis. On the contrary, viewed in light of the accepted principles governing coram nobis the motion was insufficient and was correctly denied. See Ex parte Wells, Fla. 1951, 53 So.2d 708; Thompson v. State, 1944, 154 Fla. 769, 18 So.2d 788; House v. State, 1937, 130 Fla. 400, 177 So. 705; Chambers v. State, 1934, 117 Fla. 642, 158 So. 153; Pike v. State, 1931, 103 Fla. 594, 139 So. 196; Lamb v. State, 1926, 91 Fla. 396, 107 So. 535, and La Rocca v. State, Fla.App. 1963, 151 So.2d 64.
The brief filed for appellant in this cause apparently abandons that issue raised in the motion which the lower court viewed as central and determinative, the issue of alleged denial of counsel for purposes of prosecuting an appeal from the original conviction. Appellant's motion alleged that at a point after conviction and an unsuccessful motion for new trial the attorney representing appellant was killed in an accident. There is further allegation that the attorney had indicated to appellant that he was perfecting an appeal prior to his death and there is an allegation that appellant was indigent and unable to retain counsel after his original attorney's untimely death. Even if conceivably these circumstances might justify relief, the allegations of the motion are not sufficiently detailed with respect to the date of the attorney's death vis-a-vis the expiration of the appeal time as to constitute an arguable prima facie case. Summary denial based on the insufficiency of the motion was justified and is affirmed.
Affirmed.
SMITH, C.J., and ALLEN and ANDREWS, JJ., concur.
NOTES
[1] Criminal Procedure Rule 1 requires that the movant be in custody under the sentence he seeks to vacate. Since appellant here is in custody he appropriately invoked Rule 1. We need not nor do we decide if writ of error coram nobis would be available to one not in custody and thus not able to invoke Rule 1. Rule 1.38, Fla.Rules of Civil Procedure, 1962 Revision, 30 F.S.A., purports to abolish coram nobis, however the analogous provision of the Federal Rules has been construed so as to permit a motion in the nature of coram nobis in criminal cases. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). A similar decision is implied in McCormick v. State, Fla.App. 1964, 164 So.2d 557. But see Pynes v. State, Fla. 1953, 66 So.2d 277.