PER CURIAM.
This cause recurs upon petitioner-appellant Solitro’s application for leave to seek post-conviction relief in the trial court under “Criminal Procedure Rule 1 or coram nobis [F.S.A. ch. 924 Appendix].” This court affirmed the conviction appellant now seeks to vacate. Solitro v. State, Fla.App.1964, 165 So.2d 223 (Second District Court of Appeal, opinion filed May 22, 1964).
We recently held that grounds for collateral attack upon a conviction which would traditionally be urged by writ of error coram nobis should, under otherwise appropriate circumstances, be urged under Criminal Procedure Rule 1. Grant v. State, Fla.App.1964, 166 So.2d 503 (Second District Court of Appeal, opinion filed July 17, 1964). The latter provision provides a means by which relief traditionally available by writs of habeas corpus or coram nobis may be expeditiously afforded in the trial courts. It is, however, procedurally dissimilar in many respects, including, with respect to the instant application, the absence of any requirement that application be made in an appellate court for *475 leave to collaterally assail, in the trial court, a conviction and sentence affirmed "by the appellate court. While such leave is necessary to application for habeas corpus or coram nobis, Tilghman v. State, Fla.1953, 64 So.2d 555; Ex parte Welles, Fla.1951, 53 So.2d 708, it is not a prerequisite to application for relief under Rule 1.
The application is dismissed.
SMITH, C. J., and ALLEN and WHITE, JJ., concur.