PIERCE, Judge.
Charles Parker, appellant here, appeals to this Court an order entered by the trial Court summarily denying his “Motion for Modification of Sentence” filed almost four and a half years after imposition of sentence in a criminal case.
On February 3, 1959, Parker was charged in four separate informations filed in the Pinellas County Circuit Court for the offense of uttering forged checks.' On the following day a fifth information was filed charging him with another similar offense. On February 4, 1959, he entered pleas of guilty to all informations, but was not represented by counsel. On April 14, 1959, he was sentenced on each charge, still without counsel. On September 10, 1963, all the sentences were set aside and vacated under then existing Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. On November 14, 1963 he again appeared before the Court and, with counsel, again entered pleas of guilty to all informations. He was adjudged guilty and sentenced the same day.
On April 30, 1968, he filed a “Motion for Modification of Sentence”, which was summarily denied the same day by the trial Court. The motion complained essentially that the Division of Corrections[1] had refused to give him credit for time he was incarcerated in the Polk County Jail following his escape from the State Road Prison, and the time he was laten incarcerated in the Pinellas County Jail prior to his resentencing.
In the order denying his “Motion for Modification” the trial Court based its ruling upon two grounds: (1) the motion was not “timely filed pursuant to the provisions of § 921.25 F.S. [F.S.A.],[2] and (2) that the matter of allowing credit for time served in a jail or prison after Court sentence was a matter “within the jurisdiction of the Executive Department of government rather than the Judicial Department.”
Brief has been filed in this Court by the local Public Defender’s office on behalf of defendant “in accordance with the provisions of Anders v. [State of] California, [386 U.S. 738, 87 S.Ct. 1396], 18 L.Ed.2d 493, and Gossett v. State, Fla.App.1966, 191 So.2d 281”. The brief discusses two points of law: (1) whether the order appealed from is an appealable order, and (2) whether, assuming an appeal were allowable, the order was properly denied on the merits.
The brief filed by the Public Defender reviews with particularity the antecedent record facts of the case, and meticulously explores the law applicable to the two points discussed. With commendable candor, the brief concludes that both propositions should be decided adversely to Parker, namely, that the order to be reviewed here is not an appealable order, and (2) the trial Court correctly denied the Motion for Modification without hearing. Not surprisingly, the Attorney General on behalf of the State agrees with the Public Defender on both points.
We are happy to add our concurrence to this harmonious unanimity of thought, and accordingly ex mero motu dismiss the appeal upon the first ground mentioned.
ALLEN, Acting C. J., and MANN, J., concur.

. F.S. §§ 944.27, 944.29 F.S.A.

. § 921.25 Legal Sentence, Reduction .
A court may reduce a legal sentence imposed by it in a criminal case at the same 214 So.2d — 40Vs term of court at which it has been imposed, or, if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition * * *