LILES, Judge.
Appellant was convicted of robbery and sentenced to ten years imprisonment. This conviction and sentence was appealed to this court and we affirmed. Hamilton v. State, Fla.App.1969, 222 So.2d 812 (Per Curiam). Appellant later filed in pro. per. a petition for post-conviction relief *256 under CrPR 1.850, 33 F.S.A., which was later amended by his present attorney, seeking relief due to discovery of new witnesses to the alleged robbery. A hearing was held, and an order was entered denying appellant the relief requested. Appellant has appealed from this order.
Appellant acknowledges that the relief sought is traditionally obtainable through petition for writ of coram nobis. We agree. See Ex Parte Welles, Fla.1951, 53 So.2d 708. Cf. Sanders v. State, Fla.App. 1966, 190 So.2d 399; Wolfe v. State, Fla.App. 1966, 190 So.2d 397. However, it is urged that the general concepts applicable to issuance of writs of coram nobis are also applicable to CrPR 1.850. Thus CrPR 1.850 encompasses any relief traditionally allowable through coram nobis, and for this reason appellant’s petition to the trial court under CrPR 1.850 was proper. Although we have been unable to find precedent precisely determinative of this issue, we are of the opinion that appellant’s proper recourse was through petition to the trial court for a writ of coram nobis.
It is well settled that habeas corpus is not a corrective remedy, and thus is not always available where a writ of coram nobis would be obtainable. See Roberts v. State, 1928, 95 Fla. 182, 116 So. 228. It also appears that petition for writ of coram nobis on the basis of newly discovered evidence would not come within the scope of CrPR 1.850, which is concerned with collateral attacks in the nature of imposing sentence in violation of rights under the federal and state constitutions and other similar matters. Cf. Grant v. State, Fla.App.1964, 166 So.2d 503, 504; Brown, Collateral Post Conviction Remedies in Florida, 1968, 20 U.Fla.L.Rev. 306, 387-88. Thus appellant having pursued an improper remedy, we must dismiss this appeal with leave to file a petition for a writ of coram nobis with the trial court from which this appeal issued.
Appeal dismissed.
HOBSON, C. J., concurs.
PIERCE, J., dissents with opinion.