305 So.2d 180 (1974)
Clifford HALLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 44579.
Supreme Court of Florida.
December 11, 1974.
*181 James A. Gardner, Public Defender, and Charles H. Livingston, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on direct appeal from a conviction of murder in the first degree, and a sentence of death imposed on appellant in the Circuit Court in and for Hillsborough County. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida.
On September 12, 1973, the grand jury of Hillsborough County returned an indictment against defendant charging him with first degree murder in that he, on the 10th day of April, 1973, in Hillsborough County, unlawfully and from premeditated design to effect the death of Eleanor Groves, did cut her with broken glass and in furtherance of said cutting did then and there inflict divers mortal wounds from which she died. On April 10, 1973, appellant inflicted fatal cuts with broken glass about the throat and neck of Eleanor Groves, slit her throat, which resulted in her death and took money from the North Town Tavern where the victim was employed as a barmaid.
After trial, the jury returned a verdict of guilty as charged in the indictment. A post-conviction sentence advisory hearing was held on October 3, 1973, and the jury advised and recommended to the court that the death penalty be imposed upon defendant. On October 12, 1973, the trial court adjudicated appellant guilty, entered its written detailed findings of fact in support of the death penalty specifically delineating the aggravating and mitigating circumstances pursuant to the safeguards afforded by Section 921.141, Florida Statutes, found the jury's recommendation of the death penalty to be appropriate, and sentenced appellant to death. Specifically, the trial court determined the aggravating circumstances which greatly outweighed the delineated mitigating circumstances to be:
"(A) That the Defendant, Clifford Hallman, murdered Eleanor Jean Groves while engaged in the commission of a Felony, to-wit: Robbery.
(B) That the Defendant, Clifford Hallman, committed the crime for pecuniary gain.
(C) That the crime committed by the Defendant, Clifford Hallman, was especially heinous, atrocious and cruel.
(D) That the Defendant, Clifford Hallman, had been previously convicted of the Felony of Breaking and Entering an Automobile with the intent to Commit Assault and Battery for which he was sentenced to eighteen months in the state prison. Said offense being committed one day after the Defendant had been released from the Hillsborough County Jail after serving approximately four months for a similar offense. The Court further finds that both of these offenses involved an assault upon a young woman with a dangerous weapon, in one case a knife and the other case a screwdriver, and both involved a threat *182 to the throat of the victim. In the instant case the Defendant cut the throat of the victim with a piece of broken glass. It is therefore apparent to the Court that the actions of the Defendant negate any consideration of rehabilitation for the Defendant."
We have listened carefully to oral argument, examined and considered the record in light of the assignments of error and briefs filed and we have also, pursuant to Rule 6.16(b), Florida Appellate Rules, reviewed the evidence to determine whether the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence in the record, sub judice, does not reveal that the ends of justice require that a new trial be awarded.
The jury recommended and the trial judge, upon considering all the mitigating and aggravating circumstances, agreed that the death penalty be imposed as the penalty for the commission of this heinous crime. We find that the judgment and sentence of the lower court in this cause is in accordance with the justice of the cause.
Accordingly, the judgment and sentence of the Circuit Court are hereby affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN, DEKLE and OVERTON, JJ., concur.
BOYD, J., concurs specially with opinion, with which ERVIN, J., concurs.
BOYD, Justice (concurring specially).
I concur in the finding of guilt but would reduce the sentence to life imprisonment for the following reasons:
The sudden and senseless nature of the crime by killing the victim, a barmaid, with glass from a broken alcoholic beverage glass creates doubts about premeditation.
Although funds were taken from the bar by the Appellant, it is not clear that the robbery was the cause of the killing but could well have occurred as an afterthought when he attempted to escape. He claimed to have taken the money for that purpose after cutting his victim's neck.
Medical testimony showed psychological defects in the Appellant. A long record of attempted but generally incompleted crimes showed basic mental defects.
The above factors should be weighed by this Court in affirming the conviction.
ERVIN, J., concurs.