343 So.2d 912 (1977)
Clifford HALLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-23.
District Court of Appeal of Florida, Second District.
March 9, 1977.
Rehearing Denied April 13, 1977.
Jack O. Johnson, Public Defender, and Robert H. Grizzard, II, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.

ON MOTION TO QUASH APPEAL
PER CURIAM.
Appellant seeks to appeal an order denying a three-part motion filed below: 1) a "Motion for Reduction of Sentence;" 2) a "Petition for Writ of Coram Nobis;" and 3) a "Motion to Set Aside Sentence and Motion for New Trial." The state's motion to quash is well taken.
Appellant was convicted of first-degree murder and sentenced to death. The judgment and sentence were affirmed by our Supreme court in Hallman v. State, 305 So.2d 180 (Fla. 1974). The underlying basis of the three-part motion, which was denied by the order appealed from, is that subsequent to the full appellate process it was discovered that the victim of the murder may have died because of intervening negligence on the part of doctors at Tampa General Hospital who were called upon to treat her for the wounds that were received at the hands of appellant. In other words, the basis for the relief prayed for by appellate is "newly discovered evidence."
To begin with, insofar as the order appealed from denies that part of appellant's motion seeking reduction of sentence, such order is a nonappealable order. This court is thus without jurisdiction to consider it. See Parker v. State, 214 So.2d 632 (Fla.2d DCA 1968).
Concerning that part of appellant's motion seeking a writ of error coram nobis, it is well settled that permission to seek *913 such a writ must be sought and granted by the appellate court which had previously entertained an appeal from the final judgment in the case and affirmed it by its mandate. The mandate of the appellate court in such case becomes the judgment of the appellate court; and, here, it's the supreme court. See Russ v. State, 95 So.2d 594 (Fla. 1957) and Cayson v. State, 139 So.2d 719 (Fla.1st DCA 1962).
Finally, with respect to that part of appellant's motion "to set aside sentence and motion for new trial," the motion is too late insofar as it seeks a new trial and is again predicated on "newly discovered evidence" as a basis for setting aside of the sentence. As to this latter point, appellant asks us to consider the motion alternatively as one filed pursuant to Rule 3.850 and as a collateral attack at least on the sentence. It is clear, however, that "newly discovered evidence" cannot be raised as the basis for relief under that rule. See Hamilton v. State, 237 So.2d 255 (Fla.2d DCA 1970). "Newly discovered evidence" must be raised by petition for writ of error coram nobis which, as we've noted, must be addressed to the appellate court which first issued its mandate in the case.
In view whereof, the motion to quash the appeal herein should be and it is hereby granted. The appeal stands dismissed.
BOARDMAN, C.J., and McNULTY and OTT, JJ., concur.

ON REHEARING
PER CURIAM.
Relating here only to that portion of appellant's appeal herein seeking a writ of error coram nobis, we denied such relief on the ground that permission to seek such writ must be sought and granted by the appellate court which had previously entertained an appeal from the final judgment in the case and affirmed it by its mandate. (That court, in this case, is the supreme court since the imposition of the death penalty was involved.) We relied for such holding on Ex parte Welles, 53 So.2d 708 (Fla. 1951), which held precisely that.
Appellant now asks us to clarify that holding in light of the opinion of this court in Hamilton v. State, 237 So.2d 255 (Fla.2d DCA 1970), in which we held that, notwithstanding a prior appeal to this court, writ of error coram nobis based on newly discovered evidence should be sought and granted by the trial court. A careful reconsideration of Hamilton in the light of Ex parte Welles, supra, persuades us now that we departed from the discipline of Welles and were in error to the extent that we said coram nobis must be sought in the trial court. We therefore reaffirm our holding in Hamilton that newly discovered evidence should be considered through the vehicle of coram nobis,[1] but recede therefrom to the extent that we now hold that permission to seek a writ therefor must be sought and granted by the appellate court which previously had entertained an appeal in the case and affirmed it by its mandate.
In view whereof, petition for rehearing is denied.
BOARDMAN, C.J., and McNULTY and OTT, JJ., concur.
NOTES
[1] But see Kellerman v. State, 287 So.2d 702 (Fla.3d DCA 1973); Fast v. State, 221 So.2d 203 (Fla.3d DCA 1969); Nelson v. State, 208 So.2d 506 (Fla.4th DCA 1968); Tolar v. State, 196 So.2d 1 (Fla.4th DCA 1967).