## STATE OF FLORIDA v. SCHUTTLER
Case No. 81-1515
County Court, Bay County
October 27, 1981

Jack Poitinger, Asst. State Attorney, for plaintiff.

John Daniel, for defendant.

WILLIAM A. COOPER, JR., County Judge

Defendant has moved to vacate the judgment and sentence entered on June 11, 1981, wherein pursuant to defendant's plea of guilty to the charge of driving while intoxicated, he was adjudicated guilty and sentenced to pay a fine of $211.75 and to revocation of his Florida driver's license for a period of ninety (90) days. Defendant alleges that at the time he entered the plea of guilty he was intoxicated to such an extent that he was unable to appreciate and understand the significance and ramifications of his act, and therefore the plea was entered involuntarily. The state urges that the motion should be denied because it falls under Rule 3.850, Fla.R.Crim.P., which motion can only be entertained where the defendant is a prisoner "in custody." The court agrees with the state that the defendant is not in custody so as to make available the relief provided for in that rule, but it also agrees with defendant's contention that the motion ought to be treated as a petition for a writ of error coram nobis. *Weir v. State.* 319 So.2d 80 (Fla.2d DCA 1975).

Coram nobis is an ancient common law writ which remains applicable in Florida in criminal cases as the only means available to enable a party against whom a criminal judgment has been rendered to have such judgment vacated because of an error of fact which does not appear on the face of the record and which was unknown to the court or to the party affected at the time of the trial and which, if known in season, would or should have prevented the rendition of the judgment. *Nickels v. State,* 86 Fla. 208, 98 So. 502 (Fla. 1923). The writ is discretionary with the court and is available only if no other remedy exists. *Ex Parte Welles,* 53 So.2d 708 (Fla. 1951). Even if no other remedy exists, the writ remains discretionary and is only allowed where it is made to appear with reasonable certainty that there has been some error of fact and that had the error of fact been corrected prior to entry of judgment, the court would have been precluded from entering it. *Russ v. State,* 95 So.2d 594 (Fla. 1957). The petition seeking a writ of error coram nobis must be filed within the time allowed for taking an appeal, unless good cause is shown for a longer delay. *Pynes v. State,* 66 So.2d 277 (Fla. 1953).

Applying the above principles applicable to coram nobis proceedings, it is clear that in this case the defendant has waited too late to file his request and further that even had he filed it timely, the grounds for relief have not been met.

Defendant's motion was filed on July 15, 1981. The time for filing an appeal in this cause expired on Monday, July 13, 1981. Fla.R.App.P. 9.140. The petition was filed two days too late. Therefore a writ of error coram nobis will not lie unless good cause was demonstrated for the delay. Defendant did not testify at the hearing, but chose only to proffer the testimony of an expert witness concerning the probable blood alcohol level of the defendant at the time that he entered his plea of guilty. No evidence was offered by the defendant to suggest good cause for the delay and the court finds none.

The defendant also argues that, notwithstanding the absence of his testimony concerning his own mental capacity and state of mind at the time of entering his guilty plea, this court should find as a matter of fact that he had a blood alcohol content of 0.16%, and therefore as a matter of law that he was incompetent to enter a voluntary plea. So finding, defendant argues, the court should then conclude that the sentence was illegal as violative of defendant's fundamental right to be present before the court, under Fla.R.Crim.P. 3.800. The court rejects the argument that a person whose blood alcohol level is 0.16% is necessarily unable to voluntarily and knowingly execute a waiver of his rights for the purpose of entering a guilty plea. Such a blood alcohol level would affect individuals in different degrees, depending upon one's tolerance for alcohol. In the absence of any testimony by the defendant as to his own condition, there exists at best a presumption which fails to rise to the level of certainty necessary to render the sentence illegal under Rule 3.800, or for that matter, necessary to authorize relief by writ of error coram nobis. *McCall v. State,* 136 Fla. 349, 186 So. 803 (Fla. 1939). The premises considered, it is accordingly

ORDERED AND ADJUDGED that defendant's motion to vacate be, and the same is hereby, denied.