487 So.2d 1209 (1986)
Eugene Garton ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2338.
District Court of Appeal of Florida, Fourth District.
May 7, 1986.
R.H. Bo Hitchcock of Hitchcock & Cunningham, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.

Opinion
PER CURIAM.
In 1978 appellant was convicted of sexual battery, kidnapping, attempted murder, and possession of a firearm while engaged in a criminal offense, for which he received consecutive sentences totalling one hundred and forty-four years.
In September 1985 appellant filed a motion to correct, reduce and modify sentence, pursuant to Florida Rule of Criminal Procedure 3.800, alleging that under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the sentences violate the eighth amendment to the United States Constitution prohibiting cruel and unusual punishment. From an order denying said motion, this appeal was perfected.
We dismiss the appeal since an order denying a motion to correct, reduce or modify a sentence is not appealable. Davenport v. State, 414 So.2d 640 (Fla. 2d DCA 1982); Hallman v. State, 371 So.2d 482 (Fla. 1979), aff'g 343 So.2d 912 (Fla. 2d DCA 1977); Parker v. State, 214 So.2d 632 (Fla. 2d DCA 1968). Furthermore, in State v. Smith, 360 So.2d 21 (Fla. 4th DCA 1978), this court held that rule 3.800 was not the appropriate vehicle for the submission of the issue of the constitutionality of the original sentence imposed upon the defendant. Accordingly, we dismiss this appeal and, as we did in Smith, we dispose of the case without prejudice to appellant's applying to the trial court under Florida Rule of Criminal Procedure 3.850 for post-conviction relief.
We also note that, in attacking the constitutionality of the sentence, appellant failed to allege facts as required by the Solem decision in order to make a prima facie showing of an eighth amendment violation. The appellant will now have another opportunity to sufficiently allege such a claim and, if sufficiently alleged, to support those allegations with proof upon hearing.
DISMISSED.
DOWNEY, ANSTEAD and GUNTHER, JJ., concur.