543 So.2d 1289 (1989)
Larry E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1118.
District Court of Appeal of Florida, Fourth District.
May 24, 1989.
Stephen J. Finta, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC
PER CURIAM.
This is an appeal of an order denying a motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(a). In order to maintain internal consistency with prior decisional law, and to address an important jurisdictional point, we have chosen to address this appeal en banc. We accept jurisdiction and affirm the trial court order denying the motion for reduction of sentence.
Appellant entered a guilty plea and was sentenced within the sentencing guidelines to twelve years incarceration and suspension of his driver's license for three years *1290 for DUI-Manslaughter, to one year in prison for DUI with injury on four separate counts, and to time served for driving while a driver's license was suspended. He filed a direct appeal, which he subsequently dismissed voluntarily. He then filed a motion for reduction of sentence, which was denied and which is the subject of this appeal.
In his motion filed with the trial court, appellant alleged that the assistant state attorney had recommended a lesser sentence (seven to nine years) than the one actually imposed. He also argued that although he fell within the seven to twelve-year sentence category of the sentencing guidelines, if any one of the victim injuries had been scored lower, his scoresheet total would have been reduced by seven points, which would have moved him down into the three to seven year sentencing guidelines range.
On its face, appellant's motion for reduction of sentence, citing rule 3.800 of the Florida Rules of Criminal Procedure, appeared to fall under subsection (b) of the rule, which provides in pertinent part:
(b) A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence... .
The motion as filed by appellant did not challenge appellant's sentence as inherently illegal or miscalculated. Instead, it urged the trial court to exercise its discretion to review a legal sentence and to lower it. It even recited that it was filed within the sixty-day time period required under rule 3.800(b). However, in the transcript of the hearing on the motion, it became apparent that the focus of appellant's sentencing challenge shifted to the manner of calculation of his sentencing guidelines score rather than the trial court's exercise of discretion in imposing a legal sentence. Indeed, as argued and considered, the motion is one which fits closer to rule 3.800(a), which provides: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." This distinction is important in our determination of this court's jurisdiction in this case.

JURISDICTION
Neither side to this appeal has raised the issue of this court's jurisdiction, but we find it is necessary before reaching the merits of this case, particularly in light of our earlier decision in Adams v. State, 487 So.2d 1209 (Fla. 4th DCA 1986). In Adams, we held that an order denying a motion to correct, reduce or modify a sentence under rule 3.800 is not appealable. The Adams decision was intended to prevent appeals from orders on requests to mitigate or modify a sentence made under rule 3.800(b). However, Adams was not intended to bar review on appeal of challenges to the legality of a sentence specifically authorized by the Florida Supreme Court to be raised in a rule 3.800(a) motion. See State v. Whitfield, 487 So.2d 1045 (Fla. 1986), holding that computational errors in sentencing guidelines scoresheets can be raised on direct appeal, even when no contemporaneous objection was made at trial, and amending rule 3.800(a) to facilitate correction of such errors at the trial court level.
This distinction is best understood by considering that rule 3.800 addresses two different types of motions for correction or modification of sentence. A different standard of appealability applies to each section, but because many of the presentencing guidelines cases do not refer to which section of the rule was under consideration, the distinction has been occasionally blurred in the case law. Prior to the institution of guidelines in sentencing, the sentence was imposed at the sole discretion of the trial court. As such, the denial of a motion to reduce a sentence simply was not subject to review. Hallman v. State, 371 So.2d 482 *1291 (Fla. 1979), aff'g, 343 So.2d 912 (Fla. 2d DCA 1977).
Establishment of the sentencing guidelines with which a trial court's compliance is mandatory has resulted in a significant curtailment of the trial court's discretion in sentencing. We believe that this reduction in discretion below compels a corresponding grant of appellate review, whereby an error by the trial court in refusing to correct a sentence which was miscalculated under the guidelines can be reviewed and corrected by the district court upon review of the denial of a rule 3.800(a) motion.
Under the present formulation of rule 3.800, subsection (a) applies only to those sentences which are "illegal" or which were imposed based on incorrect calculations in a sentencing guidelines scoresheet. Subsection (b), on the other hand, encompasses those motions in which the defendant seeks the exercise of a trial court's discretion to reduce a sentence which falls within permissible legal limits. Stated another way, subsection (a) motions seek ministerial corrections to an incorrectly computed or otherwise illegal sentence, whereas motions filed under subsection (b) are solely directed to trial judge's lenity.
Thus, to accept jurisdiction of this appeal would not be inconsistent with Adams v. State, 487 So.2d 1209 (Fla. 4th DCA 1986). Distinguishing the two cases is the fact that the appellant in Adams was sentenced prior to the enactment of mandatory guidelines. Therefore, his sentence was a purely discretionary matter for the trial judge to decide, and as such it was not subject to review. Likewise, the first district case, Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986), limited its denial of appellant's right to appeal the trial court's denial of a rule 3.800 motion to "discretionary rulings under rule 3.800(b)," suggesting that the same rule would not bar the appeal of the denial of a motion brought under rule 3.800(a).
Other districts have been routinely reviewing orders denying rule 3.800(a) motions. For example, in Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988), the first district reversed and remanded a case for sentencing after finding that the trial court had committed a sentencing guidelines scoring error. After analyzing the error, the district court addressed the appealability of the error:
Finally, we explain why this scoring error was preserved for review although raised for the first time in a 3.800 motion. Error in scoring a prior conviction based on the degree of the felony, which results in a de facto departure sentence, is reviewable without contemporaneous objection where the error is apparent from the record. Merchant v. State, 509 So.2d 1101 (Fla. 1987). In addition to being reviewable on direct appeal without contemporaneous objection, such an error is also reviewable collaterally pursuant to Florida Rule of Criminal Procedure 3.800 as amended in State v. Whitfield, 487 So.2d 1045 (Fla. 1986).

Id. at 966 (emphasis added).
The appealability of rule 3.800(a) denials finds additional support in the following cases: Early v. State, 516 So.2d 24 (Fla.3d DCA 1987); Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987); Dupont v. State, 514 So.2d 1159 (Fla.2d DCA 1987); Schneider v. State, 512 So.2d 308 (Fla. 2d DCA 1987); Brown v. State, 510 So.2d 1150 (Fla. 1st DCA 1987); Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987); Roberts v. State, 507 So.2d 761 (Fla. 1st DCA 1987); Watkins v. State, 498 So.2d 576 (Fla. 3d DCA 1986), upheld on confession of error, 531 So.2d 239 (Fla. 3d DCA 1988).
Thus, we conclude that jurisdiction exists to review the order denying this motion for reduction of sentence. Although filed with no designation, and tracking the language of a rule 3.800(b) motion, the motion as argued falls under rule 3.800(a), and is therefore appealable on the authority recited above. To the extent that prior decisions of this court have held to the contrary, we recede from them.

MERITS
As for the substantive issue raised, we find that appellant's challenge to his sentence is without merit. Although he raised several challenges to his sentence in *1292 his rule 3.800 motion, to which he alludes herein, his brief focuses on his claim of "double-charging." By this, he argues that he was effectively penalized in being sentenced twice for DUI-Manslaughter. He was charged twenty-one points for the death of the victim from which the DUI-Manslaughter charge arose, and seventy-seven points for the DUI-Manslaughter charge itself, which already included as an element the death of the victim. However, appellant has failed to show that the seventy-seven points assigned for DUI-Manslaughter was intended to include an actual assessment of points for victim death, such that there would be a double charge as claimed. Neither has appellant shown error in the calculation of the total score which is comprised of assessments for all of the other victims.
Indeed, reference to the rules of criminal procedure at the time of appellant's sentencing militates against his position. Rule 3.701 d.1., Florida Rules of Criminal Procedure, provided:

One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. The state attorney's office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets. [emphasis added.]
Rule 3.701 d.7. provides: "Victim injury shall be scored if it is an element of any offenses at conviction."
The committee notes to this latter subsection of the rule, at the time of appellant's sentencing, provided:
(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma. Victim injury shall be scored additionally for each count where victim injury is an element of each offense at conviction in excess of one count as to each victim.
Thus, the plain language of the rules and note supports the calculations of appellant's sentencing guidelines total in this case. The defendant here was adjudicated guilty of DUI-Manslaughter and DUI with injury. These offenses included physical impact and victim injury. Thus, victim injury was properly scored for each victim of the primary and additional offenses on one guidelines scoresheet. Appellant has failed to demonstrate error in the calculation of his guidelines scoresheet.
One recent example of a court's separate assessment of points for victim injury in an offense which involved victim injury is Barrentine v. State, 504 So.2d 533 (Fla. 1st DCA 1987), reversed on other grounds, 521 So.2d 1093 (Fla. 1988). In Barrentine, the first district affirmed a sentence which charged a defendant on his guidelines scoresheet with twenty points for victim injury, where the evidence showed that a defendant convicted of lewd and lascivious assault on a child had physical contact with the victim. As the offense charged already involved victim contact, the court held that resulting injury nonetheless may be scored separately on the guidelines scoresheet. Id. at 534. Although that case was reversed by the supreme court in Barrentine v. State, 521 So.2d 1093 (Fla. 1988), on the grounds that the victim's psychological trauma was not a valid reason to depart from the guidelines, the reversal did not withdraw from the district court's conclusion that points could be charged on the scoresheet for victim injury even where the offense charged included victim contact. See also State v. Chaplin, 490 So.2d 52 (Fla. 1986); Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla. 1986).
Thus, it is evident that the sentencing court acted properly in computing appellant's sentence on one guidelines scoresheet, which allowed for a total of scores for all of his victims, including the victim of DUI-Manslaughter. The fact that appellant was charged with points for the manslaughter *1293 offense, which included victim injury, does not preclude a factoring in of additional points for victim injury.
AFFIRMED.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, GLICKSTEIN, DELL, WALDEN, GUNTHER, STONE, WARNER, POLEN and GARRETT, JJ., concur.