COPE, Judge.
Luis G. Vincente appeals his conviction for aggravated battery. We reverse.
The day prior to trial, the state moved to exclude two late-disclosed defense witnesses. After a perfunctory inquiry, the trial court granted the state’s motion and excluded the two defense witnesses.* The trial court’s inquiry fell well short of that which is required by Richardson v. State, 246 So.2d 771 (Fla.1971). See Brazell v. State, 570 So.2d 919, 921 (Fla.1990). We are unable to conclude that the exclusion of the two witnesses was harmless. See generally State v. Schopp, 653 So.2d 1016 (Fla.1995).
Defendant next contends that the evidence was insufficient to convict because the evidence did not support the conclusion that the screwdriver wielded by the defendant constituted a deadly weapon. We disagree. The evidence showed that the defendant employed the screwdriver as a knife with which to stab the victim. The evidence was sufficient to find that the screwdriver was a deadly weapon. See Hallman v. State, 305 So.2d 180, 181 (Fla.1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); see also People v. Simons, 42 Cal. App.4th 1100, 50 Cal.Rptr.2d 351 (1996); Frey v. State, 580 N.E.2d 362, 364 (Ind.Ct.App.1991).
Defendant also contends that the trial court should have sustained the defense objection to the prosecutor’s closing argument. We reject that claim on the authority of State v. Sheperd, 479 So.2d 106, 107 (Fla.1985).
The conviction and sentences are reversed and the cause remanded for a new trial.

The state’s motion also sought exclusion of a third late-listed defense witness. The defense withdrew that particular witness.