PER CURIAM.
Bertone appeals the denial of his motion for rehearing for mitigation of sentence pursuant to Rule 3.800 Fla.R.Crim.P. We note that no appeal lies from the denial of a motion for reduction of a legal sentence filed pursuant to Fla.R.Crim.P. 3.800. Hallman v. State, 371 So.2d 482 (Fla.1979), affirming 343 So.2d 912 (Fla.2d DCA 1977); Suggs v. State, 358 So.2d 897 (Fla.2d DCA 1978).
Although his appeal is filed pursuant to Rule 3.800 Fla.R.Crim.P., Bertone’s argument is more closely akin to an appeal of a denial of a motion for post conviction relief pursuant to Rule 3.850 Fla.R.Crim.P. Even if he had used this means of appeal, we would affirm the denial of his Rule 3.850 Motion for Post Conviction Relief.
He argues that since he was on parole for a prior rape conviction, his subsequent sentence for attempted second degree murder could not be made to run consecutively to the sentence for rape. He cites Distillator v. Civiletti, 612 F.2d 194 (5th Cir. 1980) for the proposition that a sentence cannot be stacked to a parole that has not been executed or violated. We note that Distillator construed a federal law pertaining to the execution of parole violation warrants and is inapplicable to the instant proceedings under Florida law.
Tereul v. Wainwright, 328 So.2d 199 (Fla. 1976) and Holley v. Wainwright, 326 So.2d 411 (Fla.1976) have construed Florida Statutes to mandate that a second sentence, entered in regard to a different information or indictment; shall run consecutively to a prior sentence unless the trial judge specifically orders the sentence to run concurrently. In this case, the trial judge specifically ordered the sentences to run consecutively. We find no error. Therefore, the appeal is dismissed.
WENTWORTH and JOANOS, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.