464 So.2d 188 (1985)
STATE of Florida, Petitioner,
v.
Beverly BEARDSLEY, Respondent.
No. 84-2277.
District Court of Appeal of Florida, Fourth District.
February 6, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for petitioner.
H. Dohn Williams, Jr., of Varon, Bogenschutz, Williams & Gulkin, P.A., Hollywood, for respondent.
PER CURIAM.
The State of Florida seeks a writ of common law certiorari asserting that it has no remedy on appeal because Florida Rule of Appellate Procedure 9.140(c) does not grant it that boon relative to the instant order which withheld adjudication. We grant the writ.
The defendant pled guilty to grand theft, was adjudicated guilty and placed on probation for three years. Approximately six months later the defendant filed a "Motion to Mitigate" requesting that the adjudication of guilt be withdrawn. After a hearing the trial court granted her motion stating "New Adjudication is Withheld." The State asserts that the trial court departed from the essential requirements of the law by doing so because it has no power to withdraw a previous adjudication of guilt. We agree with the State.
The defendant's motion was made pursuant to Florida Rule Criminal Procedure *189 3.800(b) which provides for the reduction or modification of a legal sentence imposed by the court but does not refer to any withdrawal of an adjudication of guilt.
Section 940.05, Florida Statutes (1983) is the only provision governing the restoration of civil rights to a convicted felon, and limits the power to do so to the Governor and the Board of Pardons after expiration of the sentence. Likewise, Section 948.05 gives the trial judge the power to prematurely terminate probation, but does not permit of withdrawal of adjudication. We have even gone so far as to hold in Knapp v. State, 405 So.2d 786 (Fla. 4th DCA 1981) that once a trial court enters an order of probation, that order can only be modified if there has been a violation of the conditions of probation. See also Sweeting v. State, 390 So.2d 773 (Fla. 3d DCA 1980).
In short, there is simply no authority to support what the trial judge did in this case. The defendant advances the not illogical theory that since a trial judge can rescind an adjudication withheld and adjudicate guilt if the defendant misbehaves, then as a quid pro quo it ought to be able to "unadjudicate" guilt when the probationer is exhibiting model behavior. Obviously and understandably, the trial judge had sympathy for this woman, who told him that she was being excluded from certain jobs because of her status as a convicted felon. However, her response to the petition filed herein cites no authority except Section 948.05, already discussed, and Section 948.01 which latter section delineates when a court may place a defendant on probation, but makes no mention of vacating an adjudication to remove the stigma of guilt.
The petition for Writ of Common Law Certiorari is granted and this cause remanded in accordance herewith.
LETTS and WALDEN, JJ., concur.
ANSTEAD, C.J., dissents without opinion.