485 So.2d 42 (1986)
William H. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. BI-18.
District Court of Appeal of Florida, First District.
March 20, 1986.
*43 Larry G. Bryant, Asst. Public Defender, Pensacola, for appellant.
Henri Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
The issue presented on appeal is whether a trial judge has the authority under rule 3.800(b), Florida Rules of Criminal Procedure, to withdraw within sixty days an adjudication of guilt previously imposed. The trial court held that it does not have such authority. We disagree and reverse.
Thompson pled nolo contendere to one count for sale or delivery of cocaine and one count for possession of cocaine. The plea was entered pursuant to a plea bargaining agreement that left the matter of adjudicating guilt to the discretion of the court. Over defendant's protest, the court adjudicated him guilty and imposed three years probation, with ninety days in county jail, and ordered $1,000 restitution. Defendant argued that this was his first offense and that if he were adjudicated guilty he would be foreclosed from continuing his employment in show business and would have difficulty getting into school.
Within sixty days after sentence was imposed, the court, on motion of defendant, modified the sentence by withdrawing the adjudication of guilt. On July 3, 1985, more than sixty days after the sentence was imposed, the court entered an order reversing its prior order and reinstating the adjudication of guilt on the authority of State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985). In Beardsley the Fourth District held that the trial court did not have authority to withdraw an adjudication once imposed because there was no statutory or procedural grant of authority to restore civil rights except in the governor and Board of Pardons.
Appellants motion to withdraw the adjudication was apparently based on rule 3.800(b), which states that a court "may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days after such imposition." Chapter 948 provides for the imposition of probation and community control and authorizes the court to determine in its discretion whether adjudication will be imposed.
Rule 3.800 is applicable to the reduction or modification of a "legal sentence." The focal point of our inquiry, therefore, is whether the imposition or withholding of adjudication of guilt as authorized by the statute is part of the punishment imposed in the sentencing process or merely the predicate for entry of a judgment of conviction and thus unrelated to the extent of punishment and sentence. Section 921.187, Florida Statutes (1985), sets forth various disposition and sentencing alternatives and specifically provides in subsection (1)(a) that the court may "place an offender on probation with or without an adjudication of guilt pursuant to s. 948.01." This statutory language recognizes that the decision whether to impose adjudication is essentially a question of the degree of punishment to be imposed and is thus part of the sentencing process. Therefore, the court's decision whether to impose adjudication may be considered part of the "legal sentence" imposed within the meaning of rule 3.800. This construction of the rule gives the circuit court the flexibility to subsequently modify the extent of punishment previously imposed, in its entirety, including the decision whether to impose adjudication, and more fully comports with the statutory intent of sections 921.187 and *44 948.01. For this reason, we decline to follow the holding in State v. Beardsley, 464 So.2d 188, and hereby certify conflict with that case.
We reverse and remand for reinstatement of the court's June 17, 1985, order withdrawing the adjudication of guilt.
REVERSED AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.