497 So.2d 954 (1986)
Phillip MARSH, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-81.
District Court of Appeal of Florida, First District.
November 17, 1986.
Michael E. Allen, Public Defender, Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant pled nolo contendere to possession of cocaine. He was adjudicated guilty and placed on probation. Within sixty days, appellant filed a motion for modification of sentence, pursuant to rule 3,800(b), Florida Rules of Criminal Procedure, requesting the trial court to modify the sentence by removing the adjudication of guilt. Citing State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985) (trial court lacked authority to grant motion requesting that defendant's adjudication of guilt be withdrawn), the trial court entered an order denying the motion for modification on the grounds that it was precluded from withdrawing an adjudication of guilt once it was imposed. Appellant appeals. We treat this appeal as a petition for writ of certiorari, quash the trial court's order denying appellant's motion for modification of sentence, and remand for further proceedings consistent with this opinion.
After the trial judge ruled on appellant's motion and during the pendency of this appeal, this court decided Thompson v. State, 485 So.2d 42 (Fla. 1st DCA 1986). In Thompson, this court ruled that a trial court does have authority under rule 3.800(b), to withdraw within sixty days an adjudication of guilt previously imposed. This court declined to follow the holding in State v. Beardsley and certified conflict with that case. On appeal, appellant understandably relies on this court's decision in Thompson in urging reversal of the trial court's order.
In response, the state filed a motion to dismiss arguing that appellant has no right to a direct appeal of a trial court's denial of a rule 3.800 motion for reduction or modification of sentence. Hallman v. State, 371 So.2d 482 (Fla. 1979), affirming 343 So.2d 912 (Fla. 2d DCA 1977); Bertone v. State, 388 So.2d 347 (Fla. 1st DCA 1980); Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980); and Suggs v. State, 358 So.2d 897 (Fla. 2d DCA 1978). While the state is correct that the trial court's discretionary ruling under rule 3.800(b) on whether to modify or reduce *955 a legal sentence is not reviewable, this court can and will under the circumstances, treat this appeal as a petition for writ of certiorari. Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985).
In Smith, the trial court held a hearing on the defendant's motion for reduction of sentence within the sixty day limit prescribed in rule 3.800(b), but had to continue the hearing to a date outside the sixty day limit because the defendant's witnesses were not available to testify. At the hearing on the later date, the judge allowed defendant's witnesses to testify but denied the motion on the ground that he had no jurisdiction to reduce the sentence after the expiration of the sixty days from the imposition of the original sentence. The Second District Court of Appeal disagreed, holding that the trial judge did not lack jurisdiction to reduce the sentence, even though the sixty days had expired, where the judge had effectively enlarged the time during which he could reconsider the defendant's sentences by having commenced the hearing on defendant's timely motion within the sixty day limit, although the hearing was reset for a later date which fell outside the sixty day period. Recognizing that the denial of a motion for reduction of a legal sentence under rule 3.800(b) is a nonappealable order, the second district treated the defendant's appeal as a petition for writ of certiorari. The court granted the petition, quashed the trial court's order and remanded to the trial judge to reconsider the motion and to enter an order deemed appropriate upon consideration of the motion's merits.
Because appellant might suffer an injustice resulting from the trial court's good faith, but erroneous, impression that he was powerless to withdraw an adjudication of guilt once it was imposed, we follow the court in Smith v. State and treat this appeal as a petition for writ of certiorari. The petition for writ of certiorari is granted, the trial court's order is quashed, and the cause is remanded to the trial judge so that he might consider appellant's motion on its merits.
SHIVERS and ZEHMER, JJ., concur.