JORGENSON, Judge.
Kathleen Magrath pled guilty on September 8, 1986, to two counts of accepting unlawful campaign contributions and one count of improperly certifying her campaign report. She was adjudicated guilty and sentenced to three concurrent one-year terms of probation and 750 hours of community service. The trial court on November 4, 1986, sua sponte, modified Ma-grath’s sentence. Pursuant to Florida Rule of Criminal Procedure 3.800(b), the trial court withheld adjudication and reduced the probation period to one year and the community service to 350 hours.[1] The question whether a trial court may mitigate a sentence under Rule 3.800(b) and withhold adjudication, having not withheld adjudication originally, was certified to this court by the county court pursuant to Florida Rule of Appellate Procedure 9.160, and the state brought a direct appeal.
Both the state and Magrath ask us to resolve a conflict they perceive between Thompson v. State, 485 So.2d 42 (Fla. 1st DCA 1986), and State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985).[2] Notwithstanding their perception and agreement that the issue is one of great public importance, the parties cannot confer jurisdiction on this court by agreement. Under Florida Rule of Appellate Procedure 9.140(c)(1), the state may appeal an illegal sentence or a sentence imposed outside the guidelines range. The state concedes that the sentence imposed upon Magrath is lawful. The state further concedes that the trial court had jurisdiction within the time period set forth in Rule 3.800(b) to modify the sentence. A direct appeal by the state, therefore, will not lie. Nor can this court allow certiorari. McIntosh v. State, 496 So.2d 120 (Fla.1986). McIntosh held that, unless the state has a right to a direct appeal, a district court is without authority to afford review by way of certiorari. On the authority of McIntosh, therefore, we dismiss the instant appeal.
Appeal dismissed.

. Although the trial court had the authority to do so, the better practice when modifying a sentence is a formal proceeding with the parties and a reporter present. The state makes no due process argument.

. Were we to rule on the merits, we would follow Judge Zehmer’s well reasoned opinion in Thompson v. State, 485 So.2d 42 (Fla. 1st DCA 1986), and reject the rationale of State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985). We hasten to add, however, that we do not perceive a conflict between the two opinions. According to the facts of Beardsley, the trial court acted well outside the 60-day jurisdictional time frame in clear violation of Rule 3.800(b).