541 So.2d 1140 (1989)
Carlos SANCHEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 72389.
Supreme Court of Florida.
March 23, 1989.
Rehearing Denied May 17, 1989.
*1141 Kevin J. Kulik of Kay and Bogenschutz, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen. and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
We review Sanchez v. State, 524 So.2d 704 (Fla. 4th DCA 1988), because of conflict with Thompson v. State, 485 So.2d 42 (Fla. 1st DCA 1986), on "whether an adjudication of guilt, imposed in conjunction with a probation sentence, may be vacated after 60 days incident to the authority of the sentencing court regarding the probation supervision." 524 So.2d at 704. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. As explained below, we approve Thompson's holding that an adjudication of guilt may, in the trial court's discretion, be removed within sixty days of imposition pursuant to Florida Rule of Criminal Procedure 3.800(b), but not thereafter and thus deny relief to Sanchez.
After Sanchez entered a guilty plea, the trial court adjudicated him guilty of trafficking in cannabis and placed him on three years' probation. Two years later Sanchez moved to mitigate the term of probation and to vacate the adjudication. The trial judge granted early termination of the probation but, believing he had no authority to do so, refused to vacate the adjudication.
The fourth district, relying on State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985), affirmed the trial court's order and certified conflict with Thompson. In Beardsley the district court reversed the withdrawal of Beardsley's adjudication of guilt because it found no authority for the trial court's action.[1] The first district in Thompson, on the other hand, reached the opposite result from Beardsley and Sanchez, finding support for its holding in rule 3.800(b) and sections 948.01 and 921.187, Florida Statutes (1985).
Rule 3.800(b) provides in pertinent part: "A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days after such imposition." Pursuant to subsection 948.01(3), a court may put a defendant on probation and, "in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt." Finally, section 921.187[2] provides: "(1) The following alternatives for the disposition of criminal cases shall be used... . (a) Place an offender on probation with or without an adjudication of guilt pursuant to s. 948.01."
The purpose behind allowing a court to withhold adjudication of guilt is similar to that behind probation itself, i.e., the hope that a defendant can be rehabilitated. See Holland v. Florida Real Estate Commission, 352 So.2d 914 (Fla. 2d DCA 1977); Pickman v. State, 155 So.2d 646 (Fla. 3d DCA 1963), cert. denied, 164 So.2d 805 (Fla. 1964). Withholding adjudication can be a powerful tool because, by withholding adjudication of guilt, the court can avoid creating a criminal record for someone with good prospects for rehabilitation. Holland. Imposing or withholding adjudication of guilt in conjunction with probation is discretionary with a trial court. Rule 3.800(b) imposes a time limit on the reduction or modification of sentences; it does not say that withdrawing adjudication is not possible. Given the nature and purpose of probation, we see no reason why a court should not be able, in its discretion, to reconsider whether adjudication of guilt should be withheld or imposed. Pursuant to rule 3.800(b), however, any such motion for withdrawal of adjudication must be *1142 made within the rule's sixty-day requirement.
Sanchez contends that because the trial judge can adjudicate him guilty if he fails to meet the requirements of probation, he can likewise vacate an adjudication if Sanchez complies with probation. As intriguing as the argument is, there is no rule, statute, or decision of this Court authorizing such action beyond the sixty-day limitation of rule 3.800(b). The district court was correct in so holding. We are not convinced that we should now vest such power in the trial courts absent an appropriate rule or statute.
Therefore, we agree with the first district's conclusion in Thompson that trial courts may, in their discretion, reduce an adjudication of guilt to a withholding of adjudication when considering a rule 3.800(b) motion to reduce or modify sentence. We approve the result in Sanchez, however, because Sanchez filed his rule 3.800(b) motion more than sixty days after imposition of sentence. Because the district court reached the right result, no further proceedings are required in this case.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion.
BARKETT, Justice, concurring in part, dissenting in part.
I agree that a judge has authority to vacate an adjudication within sixty days. I would, however, also grant relief in this case. Once it has been determined that there is no legal impediment against vacating an adjudication within sixty days, then it should be equally permissible during the period of probation. If the trial judge can adjudicate a defendant when he fails to meet the requirements of probation, he also should be able to vacate an adjudication when a defendant complies with probation. This authority comports with the purposes of probation and the punitive use of adjudications and is not inconsistent with any statute or court rule.
NOTES
[1] State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985), reaches the right result, although for the wrong reason, however, because Beardsley moved for relief approximately six months after sentencing, well outside Fla.R.Crim.P. 3.800(b)'s 60-day time limit. Therefore, we approve the result of, but not the opinion in, Beardsley.
[2] Ch. 83-131, § 6, Laws of Fla., created § 921.187 as part of the "Correctional Reform Act of 1983."