PER CURIAM.
This is an appeal from an order terminating community control and confirming and affirming the adjudications of guilt and the order denying appellant’s motion for rehearing. We affirm and certify a question of great public importance.
On January 7, 1985, appellant was charged with eleven counts of conspiracy to commit bookmaking and bookmaking in violation of sections 849.25(1) and (2), Flor *1304 ida Statutes. He changed his original plea of not guilty to guilty on Counts I and II and the state entered a nolle prosequi to Counts III through XI. Appellant received a sentence of three years’ probation and fines. On October 13, 1986, an order of modification of probation was entered by the trial court, modifying the three years’ probation and payment of the balance of the investigative costs to 150 hours of community service. On February 23, 1987, appellant moved the trial court for termination of his probation because he had performed the 150 hours’ community service.
On September 11, 1987, an affidavit of violation of probation was filed which alleged violation by:
I.Violation of Condition (5), Order of Probation, by failing to live and remain at liberty without violating any law, in that, in Broward County, Florida on August 5, 1987, he did unlawfully have in his constructive possession a controlled substance, to-wit: Methaqualone.
II.Violation of Condition (5), Order of Probation, by failing to live and remain at liberty without violating any law, in that, in Broward County, Florida on August 5, 1987, he did have in his constructive possession a controlled substance, to-wit: Cannabis.
III.Violation of Condition (5), Order of Probation, by failing to live and remain at liberty without violating any law, in that, in Broward County, Florida on August 5, 1987, he did unlawfully possess paraphernalia, to-wit: a cigarette roller, with the intent to use the said paraphernalia for the unlawfully [sic] administering of a controlled substance.
Appellant’s probation was revoked on January 8, 1988. His new sentence was one year of community control, drug evaluation and trust fund fine. In this order the trial court checked the box marked:
d_withholds adjudication of guilt for counts I & II [conspiracy to commit bookmaking and bookmaking second offense].
On May 2, 1988, appellant filed a motion for modification of order of community control asking the trial court to revoke the community control and to replace him on probation for the remainder of the term. Appellant had taken a job as a professional Jai-Alai player and needed more flexibility for out-of-town games. On May 16, 1988, the state filed a motion to correct sentence and stated as follows:
1. On 4-29-85, the defendant pled guilty to Conspiracy to Commit Bookmaking and was adjudicated guilty and sentenced to three years probation. See transcript of plea attached hereto:
2. On January 8, 1988 the defendant pled no contest to a violation of this probation and additionally pled no contest to a new substantive charge of Possession of Methaqualone.
3. In announcing that sentence the Court stated that it would continue to withhold adjudication on the violation of probation and would withhold adjudication on the new substantive charge as well.
4. It is the State’s belief that said announcement was an inadvertent mistake as it relates to the Bookmaking charge; it is the State’s belief that the Court was only speaking to the new substantive charge, Possession of Methaqualone.
5. Florida Statutes 849.25(2) and (4) states that any person convicted of Conspiracy to Commit Bookmaking “shall not” have adjudication of guilt deferred, suspended or withheld. Thus any sentence purporting to withheld [sic] adjudication on such a charge would be illegal and subject to correction at any time pursuant to Rules of Criminal Procedure 3.800(a).
6. Lastly an adjudication of guilt once imposed cannot be un-adjudicated or vacated even if defendant is on probation. Sanchez v. State, 13 F.L.W. 968 [524 So.2d 704] ([Fla.] 4 DCA, 1988), State v. Beardsley, 464 So2d 188 ([Fla.] 4 DCA, 1985).
7. Thus the Court’s pronouncement of January 8, 1988 in addition to being an inadvertent mistake was also null *1305 and void and of no effect on the original adjudication of guilt sentenced on April 29, 1985.
The trial court granted this motion on May 23, 1988, stating specifically “[t]hat the Court did not, and could not, revisit the adjudication phase of the earlier plea, and if the words of the Court implied otherwise, then the Court misspoke.” The court then ordered that the adjudication of guilt as found in the pleas of guilty to bookmaking and conspiracy to commit bookmaking were confirmed and affirmed, and granted the request for early termination of community control.
On June 22, 1988, appellant filed a memorandum in opposition to the state’s motion to correct sentence and stated as grounds, inter alia, that the state was seeking to change the agreement it had offered appellant at the hearing prior to the January 8 order, that the only reason the state wanted the January 8 sentence entered corrected was because the state attorney’s office had given information to a sports reporter which was erroneous and was attempting to cover this mistake by seeking the correction, and that the traditional notions of justice and fair play required the trial court to keep the January 8 order as written. Evidently the trial court treated this memorandum as a motion for rehearing and denied it stating:
1. That should the law permit, the Court would be inclined to grant the relief requested due to the confusion created by the documental error of January 8, 1988, as well as the transcripts of that date.
2. That the bookmaking statute mandates an adjudication, denying the Court discretion in that regard. Such was done in this case on April 29, 1985 and became a part of the sentence at that time. Sixty days thereafter this Court would have lost jurisdiction even if such mandate did not exist.
3. That on January 8, 1988, irrespective of the agreement of the parties, this Court could not and, therefore, did not, set aside the prior adjudication.
This appeal followed.
The state’s answer brief maintains that an adjudication of guilt once imposed cannot be unadjudicated or withdrawn and cites State v. Beardsley, 464 So.2d 188 (Fla. 4th DCA 1985), and Sanchez v. State, 524 So.2d 704 (Fla. 4th DCA 1988). Since the answer brief was filed the supreme court has issued its decision in Sanchez v. State, 541 So.2d 1140 (Fla.1989), which approved the decision of this court in Sanchez but agreed with the first district’s conclusion in Thompson v. State, 485 So.2d 42 (Fla. 1st DCA 1986), with which this court had noted conflict. The supreme court held that an adjudication of guilt in conjunction with a probation sentence could not be removed more than sixty days after imposition as the court interpreted rule 3.800(b), Florida Rules of Criminal Procedure, and sections 921.187, 948.01 and 948.-01(3), Florida Statutes. The state is incorrect when it says an adjudication of guilt may never be removed; however, that is not dispositive of this matter.
In this case the statute under which appellant was originally charged, section 849.-25(2), prohibits the withholding of adjudication of guilt for any person convicted under this subsection notwithstanding the provisions of section 948.01. Therefore, because of Sanchez, the trial court’s correction of the sentence must be affirmed.
Nevertheless, we certify the following question as one of great public importance:
Whether a trial court’s discretion, to deviate from statutory and constitutional requirements in order to give effect to a plea agreement, allows the trial court to modify a prior adjudication to a withhold adjudication, outside of the time limitation provided by rule 3.800(b), Florida Rules of Criminal Procedure, where such modification would serve the interest of rehabilitating the defendant?
GLICKSTEIN, WALDEN and GUNTHER, JJ., concur.