PER CURIAM.
We choose to treat the petition for writ of mandamus as a petition for writ for common law certiorari. We grant the writ and remand for the trial court to exercise its jurisdiction to sentence petitioner to probation pursuant to section 958.04(4)(e), Florida Statutes (1989), subject to condi *46 tions of probation deemed appropriate by the sentencing judge.
The statute is substantive law which conflicts with Rule 3.800(b), Florida Rules of Criminal Procedure. The statute controls over the rule. State v. Garcia, 229 So.2d 236 (Fla.1969). Under the statute, once petitioner satisfactorily completed the basic training program for youthful offenders, the trial court had jurisdiction to modify the sentence imposed and place petitioner on probation even after the sixty day limit of the rule. In any event, we hold that the sentence imposed can be modified because a trial court retains jurisdiction when it approves an offender’s participation in the basic training program. § 958.04(4)(c) and (e), Fla.Stat. (1989).
This opinion is without prejudice to the State to raise the issue of the constitutionality of section 958.04(4)(e).
WARNER, POLEN and GARRETT, JJ., concur.