577 So.2d 1298 (1991)
Howard CHARATZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 75606.
Supreme Court of Florida.
March 14, 1991.
Rehearing Denied May 8, 1991.
Thomas J. McLaughlin of Thomas J. McLaughlin, P.A., Coral Gables, for petitioner.
Robert A. Butterworth, Atty. Gen. and Michele Taylor, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review Charatz v. State, 555 So.2d 1303 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal certified a question as one of great public importance. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
In January of 1985, Charatz was adjudicated guilty of bookmaking and conspiracy to commit bookmaking. He was fined and placed on probation for three years. In September of 1987, Charatz was charged with violating probation after he was arrested for possession of drugs and drug paraphernalia. Charatz filed a motion to suppress the fruits of his drug arrest. On January 8, 1988, pursuant to a plea bargain, Charatz admitted to the probation violation and pled no contest to the drug charges. The judge revoked Charatz's probation and placed him on one year of community control. In his order, the judge specifically withheld adjudication of guilt for the bookmaking counts as well as for the drug charges. On May 16, 1988, the state moved to correct Charatz's sentence, asserting that sections 849.25(2) and (4), Florida Statutes (1987), prohibited the withholding of adjudication on the bookmaking charges. While expressing a personal inclination to the contrary, the judge concluded that he had no authority to withhold the adjudication and entered an order reaffirming the adjudication of guilt on the bookmaking charges. The particular significance to Charatz of the adjudication of *1299 guilt was that he could no longer pursue his occupation as a professional jai alai player.
The district court of appeal affirmed the reinstatement of the adjudication of guilt. The court referred to this Court's recent opinion in Sanchez v. State, 541 So.2d 1140 (Fla. 1989), in which we held that an adjudication of guilt in conjunction with a probation sentence could not be removed more than sixty days after its imposition. However, the court chose to certify the following question:
Whether a trial court's discretion, to deviate from statutory and constitutional requirements in order to give effect to a plea agreement, allows the trial court to modify a prior adjudication to a withhold adjudication, outside of the time limitation provided by rule 3.800(b), Florida Rules of Criminal Procedure, where such modification would serve the interest of rehabilitating the defendant?
Charatz, 555 So.2d at 1305.
In this Court, Charatz asks that we recede from Sanchez and makes a plea for equitable consideration. The state emphasizes the legislative mandate against withholding adjudication upon persons convicted of bookmaking or conspiracy to commit bookmaking.
The details of the agreement reached between the prosecutor and the defense counsel at the January 1988 sentencing hearing are not in the record. However, it is clear that the judge advised Charatz that if he admitted that he violated probation and pled no contest to the drug charges, the judge would "continue the withholding of adjudication" and put Charatz on community control. No one called the judge's attention to the earlier adjudication of guilt. Subsequent to being placed on community control, Charatz acquired his job as a professional jai alai player. In May of 1988, he moved to have his community control modified to probation so that he could reside for brief periods of time outside Broward County while playing jai alai. Ironically, based upon the favorable recommendation of his community control supervisor, Charatz was actually put back on probation at the same time that he was readjudicated guilty of the bookmaking charges.
There is no doubt that sections 849.25(2) and (4) prohibit the withholding of adjudication of guilt. The state could have appealed the order and obtained a reversal. See State v. Sesler, 386 So.2d 293 (Fla. 2d DCA 1980) (minimum mandatory sentences are matters of legislative prerogative that are nondiscretionary). The fact remains, however, that the state did not appeal the order. In the meantime, Charatz lived under the restraint of community control imposed by that order rather than under the less restrictive status of probation to which he was subject prior to his plea. Under these circumstances, we think Charatz is entitled to relief.
Ordinarily, a plea bargain may not be specifically enforced. Davis v. State, 308 So.2d 27 (Fla. 1975). However, there are circumstances under which a plea bargain may be enforced if the defendant has suffered irrevocable prejudice in reliance thereon. Williams v. State, 341 So.2d 214 (Fla. 2d DCA 1976). The order withholding adjudication had long become final when the state did not appeal, and Charatz was not guilty of any fraud that might justify setting aside the order.
We decline to recede from Sanchez. However, we quash the decision of the district court of appeal and direct that Charatz's record be corrected to reflect the withholding of an adjudication of guilt on the bookmaking charges. Because of the fact-specific nature of this case, we have concluded that it is inadvisable to attempt to answer the more broadly worded certified question.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.