HALL, Acting Chief Judge.
Terrence Nelson appeals his sentence for his conviction of armed robbery. He contends the trial court erred in denying his motion for specific performance of his initial plea agreement. We agree.[1]
On March 13, 1990, Nelson entered into a plea agreement with the state whereby he agreed to plead guilty to robbery with a firearm in case no. 90-663 in exchange for a guidelines sentence of from seven to nine years’ imprisonment, with a three-year minimum mandatory sentence for the armed robbery count in case no. 89-19492. This sentence was to be imposed after Nelson completed his cooperation with law enforcement. The agreement provided the state would withdraw it in the event Nelson failed to cooperate.
Nelson cooperated with law enforcement by providing them enough information to file charges against his codefendant. A plea hearing was held and, after determining Nelson understood the terms of the plea agreement and there was a factual basis for the charges, the trial court accepted Nelson’s plea. Soon thereafter, however, the state informed Nelson it had decided to withdraw the plea offer in light of Nelson’s numerous felony convictions of which it had been previously unaware. In response, Nelson filed his motion for specific performance, which was heard and denied. Nelson subsequently entered into another plea agreement in case nos. 90-663 and 89-19492 whereby he pled guilty in exchange for a sentence of fifteen years’ imprisonment, with a three-year minimum mandatory, and a consecutive term of five years’ probation.
We agree that Nelson’s motion for specific performance of his original plea agreement should have been granted. The state makes no allegation that Nelson misrepresented his record. Rather, it appears the state just did not do its homework before making the plea offer. Nelson was clearly irrevocably prejudiced by the state’s withdrawal of the original plea agreement after he had fulfilled his part of it and left himself nothing with which to bargain. See Charatz v. State, 577 So.2d 1298 (Fla.1991).
Accordingly, we reverse Nelson’s sentence and remand with directions that the original plea agreement be reinstated.
Reversed and remanded.
PATTERSON and ALTENBERND, JJ., concur.

. We find that defense counsel sufficiently preserved this issue for our review at the June 15, 1990, proceeding.