RYDER, Judge.
We have for review six issues raised by Norman Wright, only two of which require discussion. Wright was charged with burglary of a structure and grand theft. Wright signed a waiver of trial by jury with an agreement that he would receive nothing harsher than probation if convicted. A bench trial was held and the trial court denied Wright’s motion for judgment of acquittal and found him guilty of both charges.
Wright was sentenced to two years’ probation on both charges to run concurrent. Wright was found to be a habitual felony offender and placed on “habitualized probation.” Defense counsel objected to the ha-bitualization of Wright stating that it was his and Wright’s understanding that the agreement was for straight probation without habitualization. Defense counsel further stated that Wright waived his right to a jury trial without knowledge that he may be habitualized. The record on appeal indicates that both the prosecutor and defense counsel thought Wright could not be habit-ualized under the agreement. The trial court did not advise Wright that it was not going to honor the agreement, and did not allow Wright the opportunity to revoke his waiver. This timely appeal followed.
Wright agreed to waive his right to a jury trial with the understanding that he would receive a sentence no greater than probation. The sentence imposed did not comport with the terms of the agreement. At the point that Wright was habitualized, he was exposed to greater penalties. Because Wright has already been tried and convicted, it is too late for him to withdraw his waiver. See Charatz v. State, 577 So.2d 1298 (Fla.1991) (plea bargain may be specifically enforced if defendant has suffered irrevocable prejudice in reliance thereon). Accordingly, the sentence of ha-bitualized probation is reversed and the case is remanded for imposition of straight probation as was agreed to by the state and Wright.
The conditions of probation relating to the consumption of alcohol and which bar Wright from places where alcohol is *768 sold or served are stricken, as they do not reasonably relate to the crimes for which Wright was convicted. See Daniels v. State, 583 So.2d 423 (Fla. 2d DCA 1991); Rodriquez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
Appellant’s convictions are affirmed, but the sentence is reversed and the case is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded.
SCHOONOVER, C.J. and LEHAN, J., concur.