PER CURIAM.
Edwin Blaekwelder appeals the summary denial of his “motion for relinquishment of jurisdiction.” We treat this appeal as a petition for writ of certiorari[1] and deny relief.
In 1981 Blaekwelder was convicted of second degree murder and sentenced to 75 years. The sentencing judge retained jurisdiction over one-third of the sentence for purposes of disapproving parole. See § 947.16(3), Fla.Stat. (1981).[2] As a result the circuit court has the authority to vacate any parole release order through the year 2006. Having been incarcerated for over 11 years, Blaekwelder points to numerous accomplishments such as vocational training and attendance at mental health programs, a good institutional disciplinary record, and the fact a eodefendant who received the same sentence already has been paroled. His prospective parole release date is now scheduled for 2001. He, however, appears to believe his chances for earlier parole would be enhanced if the circuit court were to vacate the 1981 retention order.
The circuit court dismissed the motion, finding no authority to “circumvent [ ] the plain language of the statute,” under which the initiative for paroling eligible inmates resides with the Florida Parole Commission. It is the commission who first, consistent with objective guidelines, interviews and establishes release dates for such inmates. Where jurisdiction has been retained pursuant to section 947.16(4), the commission must also notify both the state attorney who prosecuted the crime and “the original sentencing judge” (or, where unavailable, the chief judge of the circuit) in the event it decides the inmate should be released during the retention period. § 947.16(4)(c), Fla. Stat. (1993). The procedures to be followed upon such notification are set forth in subsections (d) through (h) of the statute.
Blaekwelder argues that this statutory framework is “not exclusive,” citing specific instances involving other inmates in which similar requests were granted, plus “dicta” in Olmstead v. State, 569 So.2d 868, 869 (Fla. 2d DCA 1990), in which we described a “motion for voluntary relinquishment of jurisdiction” as “analogous to a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(b).” Because Olmstead had “suggest[ed] no legal reason why the trial court should be compelled to perform this discretionary act,” id. (emphasis in original), our court dismissed his appeal. Cf. Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982) (denial of motion to mitigate sentence is not appealable). Rephrased somewhat, it is Blackwelder’s position that rule 3.800(b) confers only limited jurisdiction to reduce a sentence except where, by statute, that jurisdiction may be extended, in which instance a court may in its discretion modify the sentence at least to the extent of withdrawing a prior retention order.
In Olmstead, the issue presented was not whether the trial court had jurisdiction, and if so the discretion, to relinquish pursuant to the statute. Although the statute clearly permits the trial court to retain jurisdiction for purposes of disapproving parole, the statute does not confer the discretion or authority on the trial court to relinquish its jurisdiction absent the commission’s entry of a release order. Contrary to Black-welder’s assertions, the commission claims that it follows the procedure set forth in the statute and that it has not indicated that it would entertain parole consideration upon the court’s release of the retained jurisdiction. Hence, while the statute permits relin *993 quishment of jurisdiction after the expiration of the 60-day limit of rule 3.800(b), the trial court must do so in conformity with the dictates of the statute. Absent a release order from the commission, the trial court was not required to relinquish jurisdiction.
Certiorari denied.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.

. Cf. Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985) (certiorari granted for trial court to exercise jurisdiction to rule on motion filed pursuant to rule 3.800(b)); Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986) (certiorari granted for trial court to consider motion for modification on the merits); Bivins v. Makemson, 567 So.2d 45 (Fla. 4th DCA 1990) (certiorari granted for trial court to exercise its jurisdiction to sentence youthful offender).

. The statute has been renumbered as 947.16(4).