NORTHCUTT, Judge.
Greg Spain appeals the denial of his motion to withdraw his plea or, in the alternative, motion to set aside his cooperation agreement with the State.- After Spain allegedly violated the terms of the cooperation agreement, the circuit court increased his sentence. As we will explain, it had no jurisdiction to do so. We reverse and remand with directions to reimpose Spain’s original sentence.
On July 24, 2000, Spain pleaded guilty to two drug crimes and obstructing an officer without violence. The circuit court sentenced him to sixty months’ imprisonment as a habitual offender on one drug count; fifteen years’ imprisonment as a non-habitual offender on the other drug count; and time served on the obstructing charge. Then, on August 3, 2000, Spain and the State entered into an agreement under which he was to assist in narcotics investigations. The agreement called for the circuit court to vacate Spain’s sentence on count one.. Within ninety days, he was to be resentenced. The agreement provided that if Spain failed to abide by its terms, he would be señtencéd to the maximum term of imprisonment allowed, thirty years, and that under no circumstances would he be permitted to withdraw his previously entered plea. The cooperation agreement did not state what sentence Spain' would receive if he fulfilled its terms. After Spain allegedly violated the cooperation agreement, the circuit court, on April 30, 2001, sentenced him to thirty years’ imprisonment on count one and reimposed the fifteen years’ imprisonment on count two.
We need not address the question of whether Spain actually violated the cooperation agreement, although, given the agreement’s vague language, we have some doubt that he did. Instead, we set aside the agreement and the sentence imposed pursuant to it because the court had no jurisdiction to increase Spam’s sentence-. See Robie v. State, 807 So.2d 781, 783 (Fla. 2d DCA 2002) (holding that when a court renders a judgment and sentence, it has no jurisdiction to later increase that sentence).
A circuit court retains jurisdiction to correct, reduce or modify a criminal defendant’s sentence, but only under certain circumstances. For example, a court may correct an illegal sentence at any time, Fla. R.Crim. P. 3.800(a), or it may reduce or modify a sentence within sixty days of its imposition, Fla. R.Crim. P. 3.800(c). In fact, Spain filed a rule 3.800(c) motion seeking to modify his sentence, but he did *342 not state how he wanted it modified. While that rule did give the court jurisdiction to vacate Spain’s sixty month sentence, it did not give it jurisdiction to increase his sentence some eight months later. See State v. English, 400 So.2d 570, 571 (Fla. 2d DCA 1981); see also Wolfson v. State, 437 So.2d 174, 175 (Fla. 2d DCA 1983).
The State may also reinvoke a circuit court’s jurisdiction under Florida Rule of Criminal Procedure 3.170(g) if a defendant fails to comply with the specific terms of a plea agreement. We first note that the State did not file such a motion in this case. Even if it had, it is doubtful that rule would apply. The cooperation agreement in this case was not a part of Spain’s plea agreement. Moreover, rule 3.170(g) contemplates that the defendant’s plea, as well as his sentence, will be vacated.
In short, the circuit court had no jurisdiction to honor or enforce the terms of the cooperation agreement, and the parties were not empowered to grant that jurisdiction by their contract. See State ex rel. Caraker v. Amidon, 68 So.2d 403 (Fla.1953) (holding that jurisdiction is conferred upon a court by the constitution or a statute and not by agreement between the parties).
We reverse the denial of Spain’s motion to set aside the cooperation agreement and remand with directions to reimpose the original sentence in this case.
CASANUEVA, J., and DANAHY, PAUL W., Senior Judge, Concur.