Gross, J.
At issue in this ease is whether the trial court had jurisdiction when it resentenced appellant after he knowingly violated a sentencing agreement with the state. Be *918 cause the court did not have jurisdiction to reséntence appellant over 3 years after he was originally sentenced, we reverse.
Appellant Todd Watson faced charges of possession of oxycodone and driving under the influence in one case, and trafficking in oxycodone in an amount of 28 grams or more but less than 30 kilograms in another case. After entering into a substantial assistance agreement with the state, appellant pled guilty to all counts in both cases. Appellant was not sentenced at the time of the plea.
After violating the substantial assistance agreement, appellant entered into a “stipulated agreed sentence” with the state. The stipulated sentencing agreement provided that appellant would be sentenced to 6 years in prison in exchange for agreeing to “not file or threaten to file any complaints or litigation regarding any and all law enforcement members, agencies, or the State involved in the arrest and prosecution of his cases,” and to waive all postcon-viction and appellate rights. If appellant violated the agreement, he would automatically be resentenced to 35 years with a mandatory minimum of 25 years, and a $500,000 fine would be imposed.
In May 2011, Judge Gillespie approved the agreement and sentenced appellant to 6 years on one case and a concurrent term of 5 years on the other.
By October 2014, appellant had intentionally, egregiously, and repeatedly violated the agreement. For example, appellant filed multiple postconviction motions over 3 years. In response, the state filed an emergency motion to enforce the agreement’s automatic resentence provision. Finding that appellant violated the agreement, and that he knowingly entered into it, Judge Levenson resentenced him to 30 years with a mandatory minimum of 25 years, and assessed a $500,000 fine.
Appellant argues that the court did not have jurisdiction to enforce the agreement and increase his sentence. The state asks us to dismiss the case because appellant waived his appellate rights.
There are set pathways a party can use to invoke the court’s jurisdiction in a criminal case. Such pathways are established by statutes and procedural rules. Once a sentence has been imposed, a circuit court’s jurisdiction can be reinvoked “only under certain circumstances.” Spain v. State, 849 So.2d 340, 341 (Fla. 2d DCA 2003).
The Florida Supreme Court has recognized that, without an applicable statute or procedural rule, a court’s jurisdiction in a criminal case cannot be reinvoked after sentencing. In Sanchez v. State, the defendant was adjudicated and sentenced to a 3-year probationary term. 541 So.2d 1140, 1141 (Fla. 1989). Two years later, he moved to mitigate the term of probation and to vacate the adjudication. Id. The trial judge granted the early termination of the probation, but refused to vacate the adjudication. Id. The defendant argued on appeal that, “because the trial judge can adjudicate him guilty if he fails to meet the requirements of probation,” he could likewise vacate an adjudication if the defendant complies with probation. Id. at 1142. The court disagreed, explaining that “there is no rule, statute, or decision of this Court authorizing such action beyond the sixty-day limitation” of rule 3.800(c).
This limitation on a criminal court’s jurisdiction was acknowledged by McCoy v. State, 599 So.2d 645, 649 (Fla. 1992). There, the court observed that prior to the creation of rule 3.170(g), “[t]he State’s ability to have a breached plea agreement vacated [wa]s not without its limitations.” Id. at 649. The supreme court thus found it “more appropriate to establish a definitive procedural rule that would provide the prosecution with a method of addressing a defendant’s noncompliance with the specif *919 ic terms of a plea agreement.” Id.; see also Amendments to Fla. Rules of Crim. P. 3.170 & 3.700, 633 So.2d 1056, 1057-58 (Fla. 1994).
Here, the state did not travel down any existing procedural pathway to rein-voke the court’s jurisdiction. Indeed, it could not have, because none would apply. Rule 3.800(c) was inapplicable because it was well beyond the 60-day period, and rule 3.170(g) would not apply because the state was not looking to vacate appellant’s plea. See Spain, 849 So.2d at 342 (explaining that rule 3.170(g) “contemplates that the defendant’s plea, as well as his sentence, will be vacated”).
This case is like Spain, where the circuit court increased the defendant’s sentence after he violated a cooperation agreement with the state. Id. at 341. On July 24, 2000, after entering a guilty plea, the Spain defendant was sentenced to 60 months on one count and 15 years on another. Id. at 340-41. On August 3, the defendant entered into a cooperation agreement with the state, which called for the circuit court to vacate the defendant’s original sentence, and provided that he would be resentenced in 90 days. Id. If the defendant failed to comply with the agreement, he would be resentenced to 30 years. Id. On April 30, 2001, after the defendant allegedly violated the agreement, the circuit court sentenced the defendant to 30 years on count one and further imposed the 15-year sentence on count two. Id.
The second district reversed because “the court had no jurisdiction to increase [the defendant’s] sentence.” Id. While rule 3.800(c) gave the circuit court jurisdiction to vacate the defendant’s 60-month sentence, “it did not give it jurisdiction to increase his sentence some eight months later.” Id. at 342. Additionally, rule 3.170(g) would not have applied because that rule “contemplates that the defendant’s plea, as well as his sentence, will be vacated,” and the cooperation agreement was not a part of the plea agreement./^. “In short, the circuit court had no jurisdiction to honor or enforce the terms of the cooperation agreement, and the parties were not empowered to grant that jurisdiction by their contract.” Id.
Similarly, here, the state asserts that the agreement itself provided the court with jurisdiction to resentence appellant, but in a criminal case such as this one, jurisdiction cannot be created by an agreement of the parties. Snider v. Snider, 686 So.2d 802, 804 (Fla. 4th DCA 1997); see also Ingraham v. State, 122 So.3d 934, 935 (Fla. 2d DCA 2013). Moreover, neither such jurisdiction, nor the ability to protest its absence, can be waived. See Alvarez v. City of Plantation, 824 So.2d 339, 340 (Fla. 4th DCA 2002); Waggy v. State, 935 So.2d 571, 573 (Fla. 1st DCA 2006) (quoting Young v. State, 439 So.2d 306, 308 (Fla. 5th DCA 1983)).
The state attempts to analogize the agreement here to a Quarterman agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988). Through a Quarterman agreement, a court can grant a furlough between the plea hearing and the sentencing hearing, and if the defendant does not appear for sentencing as agreed, “the trial court can sentence the defendant to any lawful sentence even if it is a sentence in excess of the sentence specified in the negotiated plea agreement.” Neeld v. State, 977 So.2d 740, 743 (Fla. 2d DCA 2008). Thus, with a Quarterman agreement, the court retains jurisdiction because the defendant is not sentenced until after the furlough.
Here, unlike a Quarterman agreement, the court lost jurisdiction after it sentenced appellant to 6 years. See Spain, 849 So.2d at 341 (explaining that the circuit court did not have jurisdiction to increase the sentence once it was imposed). Without *920 an applicable rule of procedure or statute, jurisdiction could not be reinvoked. We therefore reverse and remand for reinstatement of appellant’s 6-year sentence, and order that appellant be discharged because the sentence has been completed.

Reversed and remanded.

Warner and Forst, JJ., concur.