# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0043
Lower Tribunal No. F11-2068D
_____

**State of Florida,**
Appellant,

vs.

**Libardo Piedrahita,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

James Uthmeier, Attorney General and Sandra Lipman, Senior Assistant Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellant.

Piotrowski Law, and Jaime Lapidus, for appellee.

Before LINDSEY, GORDO, and GOODEN, JJ.

LINDSEY, J.

The State of Florida appeals an Order granting Libardo Piedrahita's Motion to Convert the Adjudication of Guilt to a Withhold of Adjudication. Because the trial court lacked jurisdiction to rule on Piedrahita's motion, we reverse.

Piedrahita pled guilty to several felony charges in 2013. The trial court adjudicated him guilty of all offenses and sentenced him as a youthful offender to two years of community control followed by four years of probation. In 2017, he moved for early termination of his probation, and the trial court granted the motion. In April 2023, he filed a motion to convert his adjudication of guilt to a withhold of adjudication. The trial court held a hearing on the motion in December 2023 and granted Piedrahita's motion over objection. The State timely appealed. We have jurisdiction. See Fla. R. App. P. 9.140(c)(1)(L).

The State argues that the trial court lacked jurisdiction to hear Piedrahita's motion. We agree. While Piedrahita did not specify the Rule of Criminal Procedure he was invoking in his motion, Florida Rule of Criminal Procedure 3.800(c) governs motions to reduce or modify sentences.[1] However, that Rule has a sixty-day time limitation that prohibits the relief

---

[1] We "treat the [postconviction] motion as though it were filed under the correct rule." Aswell v. State, 310 So. 3d 983, 984 (Fla. 2d DCA 2020).

2

Piedrahita seeks. See Sanchez v. State, 541 So. 2d 1140, 1141 (Fla. 1989) ("[A]n adjudication of guilt may, in the trial court's discretion, be removed within sixty days of imposition pursuant to Florida Rule of Criminal Procedure 3.800(b)[2], but not thereafter . . . .").

Piedrahita argues that the trial court retained jurisdiction after the termination of his probation because the judge made statements during his 2013 sentencing that she would consider or recommend modifying his adjudication to a withhold if he completed his probation without any problems. We reject this argument because the trial court terminated probation on January 31, 2017, ordering "that proceedings on this case be terminated pursuant to Section 948.04, Florida Statutes." "It is established law that when a defendant has been placed on probation, the sentencing court loses jurisdiction over the defendant once the probationary period expires unless proceedings to modify or revoke probation have been instituted in the interim." Smith v. State, 348 So. 3d 1208, 1209 (Fla. 5th DCA 2022); see also State v. Hall, 641 So. 2d 403, 404 (Fla. 1994).

Accordingly, we reverse and remand with instructions to reinstate Piedrahita's adjudication of guilt on all counts.

---

[2] While the relevant rule was 3.800(b) when Sanchez was decided, it has since been renumbered to 3.800(c).

3

Reversed and remanded.